IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-83-BO

| | |
|---|---|
| CONNIE SUE LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on April 6, 2015, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim filed on August 26, 2011, for supplemental security income (SSI) pursuant to Title XVI of the Social Security Act.[1] After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on April 2, 2015. Plaintiff then timely sought review of the Commissioner's decision in this Court.

---

[1] Plaintiff orally amended her alleged onset date at the hearing before the ALJ, and the ALJ accordingly dismissed plaintiff's claim for disability and disability insurance benefits under Title II of the Act as plaintiff did not have disability insured status on the date of onset. Plaintiff has not appealed this portion of the ALJ's decision.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her amended alleged onset date. Plaintiff's gastroesophageal reflux disease with erosive esophagitis, seizure disorder and epilepsy, carpal tunnel syndrome, shoulder arthralgia, degenerative joint disease, back and knee osteoarthritis, depression, and obesity were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. The ALJ concluded that plaintiff could perform a reduced range of light work. The ALJ then found that plaintiff could perform her past relevant work as a sock examiner, but also found that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers

3

in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision.

The ALJ assigned little weight to the opinion of a State agency physician because the opinion did not fully consider plaintiff's inability to stand and walk for prolonged periods. Tr. 23. The ALJ further found that plaintiff's "osteoarthritis prevents her from standing for prolonged periods." Tr. 22. However, in his RFC determination, the ALJ found that plaintiff can sit for six hours, walk for four hours, and stand for one hour out of an eight-hour day. Tr. 17. This finding is not supported by substantial evidence.

An ALJ must consider all of the relevant evidence when assessing a claimant's RFC. SSR 96-8p. The ALJ noted that plaintiff's leg edema was stable and she had taken Lasix since at least 1998, Tr. 19, but he did not mention plaintiff's edema as a factor when restricting her to light work. Tr. 23. In 2011, plaintiff complained to her primary care physician of chronic back, knee, and ankle pain with decreased range of motion. Tr. 467. Plaintiff continued to be prescribed Lasix for her lower extremity edema. *Id.* Plaintiff testified at the hearing that her feet and legs swell if she stays on them more than thirty minutes and that her back, hips, and legs hurt if she stands for more than thirty minutes. Tr. 40; 45. At a consultative exam plaintiff was found to be putting forth her best effort but could not rise from a chair without assistance and reported significant pain in her low back as well as her legs and feet. Tr. 445-452.

Even finding plaintiff's testimony regarding her ability to stand and walk not entirely credible, the substantial evidence in the record does not support a finding that plaintiff can walk up to four hours and stand for one hour a day. The Court would further note that, based on plaintiff's age, education, and work history, if as the evidence suggests she is found to only be

4

able to perform sedentary work, she would appear to be entitled to benefits under the Medical Vocational Guidelines. 20 C.F.R. Pt. 404, Subpt. P, App. II.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion for judgment on the pleadings [DE 18] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this _26_ day of April, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5